FILED IN OPEN COURT
ON 08 12/13/2023
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CR-00208-1M

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CONSENT PRELIMINARY** |
| | : | **ORDER OF FORFEITURE** |
| JON ALAN DAVIS | : | |

WHEREAS, the above-named defendant has pleaded guilty pursuant to a written plea agreement to Counts One, Two, and Three of the Indictment, charging the defendant with offenses in violation of 18 U.S.C. §§ 922(g)(1), 924, and 924(c)(1)(A)(i), and 21 U.S.C. § 841(a)(1);

AND WHEREAS, the defendant consents to the terms of this Order and to the forfeiture of the property that is the subject of this Order of Forfeiture; stipulates and agrees that each firearm and ammunition was involved in or used in the offense(s) to which he pleaded guilty, or was in the defendant's possession or immediate control at the time of arrest, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and/or 18 U.S.C. § 3665;

AND WHEREAS, the defendant stipulates and agrees that the defendant individually, or in combination with one or more co-defendants, has or had an ownership, beneficial, possessory, or other legal interest in and/or exercised dominion and control over each item of property that is subject to forfeiture herein;

AND WHEREAS, the defendant knowingly and expressly agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(1),

1

32.2(b)(4), and 43(a), including waiver of any defect respecting notice of the forfeiture in the charging instrument or the plea colloquy; waiver of the right to a hearing to present additional evidence respecting the forfeitability of any specific property or the amount of any forfeiture money judgment; waiver of the right to be present during any judicial proceeding respecting the forfeiture of the property that is the subject of this Order of Forfeiture or to receive further notice of the same; waiver of any defect respecting the announcement of the forfeiture at sentencing; and waiver of any defect respecting the inclusion of the forfeiture in the Court's judgment;

AND WHEREAS, the defendant knowingly and expressly agrees that the provisions of this Consent Preliminary Order of Forfeiture are intended to, and shall, survive the defendant's death, notwithstanding the abatement of any underlying criminal conviction after the entry of this Order; and that the forfeitability of any particular property identified herein shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full;

NOW, THEREFORE, based upon the Memorandum of Plea Agreement, the stipulations of the parties, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between each item of property listed below and the offense(s) to which the defendant has pleaded guilty, and that the defendant (or any combination of defendants in this case) has or had an interest in the property to be forfeited,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 18 U.S.C. §§ 924(d) and 3665, and 26 U.S.C. § 5872:

Personal Property:

a) One O.F. Mossberg & Sons, Model Maverick 88, 12-gauge caliber shotgun, bearing serial number MV72666J, recovered from 9095 Clinton Road and any and all associated ammunition.

b) One FEG, Model SA 2000m, 7.62x29 millimeter (mm) caliber rifle, bearing serial number DA4344H, recovered from 9095 Clinton Road and any and all associated ammunition.

c) One Riley Defense Inc., Model SA RAK47, 7.62x39 millimeter (mm) caliber rifle, bearing serial number B17986, recovered from 9095 Clinton Road and any and all associated ammunition.

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3), the U.S. Attorney General, Secretary of the Treasury, Secretary of Homeland Security, or a designee is authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third-party. **Any person who knowingly destroys, damages, wastes, disposes of, transfers, or otherwise takes any action with respect to the property, or attempts to do so, for the purpose of preventing or impairing the Government's lawful authority to take such property into its custody or control or to continue holding such**

3

**property under its lawful custody and control, may be subject to criminal prosecution pursuant to 18 U.S.C. § 2232(a).**

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

4. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall provide notice of this Order and of its intent to dispose of the specified real and/or personal property listed above, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States shall then file a Notice with the Court documenting for the record: (1) proof of publication, or the government's reliance on an exception to the publication requirement found in Supplemental Rule G(4)(a)(i); and (2) the government's efforts to send direct notice to all known potential third-party claimants in accordance with Supplemental Rule G(4)(b)(iii), or a representation that no other potential claimants are known to the government. This Order shall not take effect as the Court's Final Order of Forfeiture until an appropriate Notice has been filed and the time in which any third parties with notice of the forfeiture are permitted by law to file a petition has expired.

5. Any person other than the above-named defendant, having or claiming any legal interest in the subject property must, within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court to adjudicate the validity of the asserted interest pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and shall set forth: the nature and extent of the petitioner's right, title, or interest in the subject property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought. The petition may be hand-delivered to the Clerk at any federal courthouse within the Eastern District of North Carolina or mailed to the following address:

>U.S. District Court Clerk
>Eastern District of North Carolina
>P.O. Box 25670
>Raleigh, NC 27611

6. If one or more timely petitions are received by the Court, the Court will enter a separate scheduling order governing the conduct of any forfeiture ancillary proceedings under Fed. R. Crim. P. 32.2(c). Following the Court's disposition of all timely filed petitions, a Final Order of Forfeiture that amends this Order as necessary to account for any third-party rights shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6). The receipt of a petition as to one or more specific items of property shall not delay this Order of Forfeiture from becoming final, in

5

accordance with the following paragraph, as to any remaining property to which no petition has been filed.

7. If no third party files a timely petition, or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall dispose of the property according to law, including without limitation liquidation by sale or any other commercially feasible means, destruction, and/or retention or transfer of an asset for official use. The United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to 21 U.S.C. § 853(n)(7). If any firearm or ammunition subject to this Order is in the physical custody of a state or local law enforcement agency at the time this Order is entered, the custodial agency is authorized to dispose of the forfeited property by destruction or incapacitation in accordance with its regulations, when no longer needed as evidence.

8. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), with the defendant's consent, this Order shall be final as to the defendant upon entry.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 13th day of December, 2023.

_(signature)_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

MICHAEL F. EASLEY, JR.
United States Attorney

BY: _(signature)_
JULIE A. CHILDRESS
Assistant United States Attorney
Criminal Division

_(signature)_
JON ALAN DAVIS
Defendant

_(signature)_
CHRISTIAN E. DYSART
Attorney for the Defendant

7